**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JOSEPH WAREHAM** : | |
| **Petitioner** : | |
| : | |
| **v.** : | |
| : | **CIVIL ACTION** |
| **PAUL J. STOWITZKY, Warden of SCI-** : | **NO. 05-5023** |
| **Mercer; BRUCE CASTOR, The District** : | |
| **Attorney of the County of Montgomery;** : | |
| **THOMAS CORBETT, The Attorney** : | |
| **General of the State of Pennsylvania; and** : | |
| **PENNSYLVANIA BOARD OF** : | |
| **PROBATION AND PAROLE** : | |
| **Respondents.** : | |
| : | |

**DuBOIS, J.**                                            **FEBRUARY 26, 2007**

**M E M O R A N D U M**

## I.    INTRODUCTION

Petitioner Joseph Wareham is incarcerated in the State Regional Correctional Facility

Mercer, in Mercer, Pennsylvania.  Presently before the Court is petitioner's Petition for Writ of

Habeas Corpus Under 28 U.S.C. § 2254, which raises three grounds for relief: (1) that

petitioner's incarceration on a 1999 parole violation violates due process because the

Pennsylvania Board of Probation and Parole (the "Parole Board") relinquished jurisdiction over

petitioner by failing to supervise him between 1991 and 1998; (2) that the grounds for the denial

of reparole on December 27, 2002 and October 27, 2004 violated petitioner's rights under the Ex

Post Facto Clause; and (3) that the grounds for denial of reparole on December 27, 2002 and

October 27, 2004 were so vague as to violate petitioner's due process rights.

In a Report and Recommendation dated January 5, 2007, United States Magistrate Judge

M. Faith Angell recommended that the § 2254 Petition be denied and dismissed without an

evidentiary hearing.  Both petitioner and respondents filed Objections to the Report and Recommendation.  This Memorandum addresses the issues presented in petitioner's Objections and respondents' Objections.

## II.    BACKGROUND

The relevant facts and procedural history are set forth in detail in the Report and Recommendation dated January 5, 2007.  Accordingly, this Memorandum sets forth only the procedural background and the facts necessary to explain its ruling.

On February 18, 1976, following two jury trials in the Court of Common Pleas of Montgomery County, Pennsylvania, in which petitioner was convicted of multiple crimes, petitioner was sentenced to 15 to 30 years imprisonment.  Commonwealth v. Wareham, 380 A.2d 412, 413 (Pa. Super. 1977); Commonwealth v. Wareham, 393 A.2d 951, 952 (Pa. Super. 1978).  On October 26, 1989, the Parole Board released petitioner on parole, and permitted him to reside in Florida, under the supervision of the Florida Department of Corrections.  App. to Ans. of the Attorney General at 31-36.

On December 8, 1999, the Parole Board rendered a decision to recommit petitioner to prison as a "technical" and "convicted" parole violator.  App. to Ans. of the Attorney General at 124.  Petitioner filed a counseled Petition for Administrative Review of the Parole Board's revocation decision.[1]  The administrative appeal was denied on March 17, 2000.  Id. at 127-30.  Petitioner did not file a direct appeal of the revocation decision in the Pennsylvania courts.

Thereafter, the Parole Board reviewed petitioner's eligibility for reparole six times,

---

[1]  John C. Armstrong, Esq. was counsel for petitioner in the administrative appeal.  Id. at 128-29.

including reviews on December 27, 2002 and October 27, 2004.  Each time the Parole Board denied reparole.  Id. at 130-138.

On January 27, 2003, petitioner filed a counseled mandamus petition in the Pennsylvania Commonwealth Court, challenging the December 27, 2002 denial of reparole on due process grounds and challenging his incarceration on the 1999 parole violation.  Id. at 144-59.  On December 5, 2003, the Commonwealth Court dismissed the mandamus petition.  Section 2254 Pet. Exs. A.  Petitioner filed an appeal, and the Pennsylvania  Supreme Court affirmed the dismissal.  Id. Ex. B.

On November 29, 2004, petitioner filed a second counseled mandamus petition in the Commonwealth Court.  The second mandamus petition challenged the October 27, 2004 denial of reparole on *ex post facto* and due process grounds, and again challenged petitioner's incarceration on the 1999 parole violation.  App. to Ans. of the Attorney General at 166.  On January 19, 2005, the Commonwealth Court dismissed the second mandamus petition, and petitioner did not file an appeal.  Section 2254 Pet. Ex. C.

On September 20, 2005, petitioner filed the instant § 2254 Petition.  By Order dated September 26, 2005, the Court referred the § 2254 Petition to Magistrate Judge Angell for a Report and Recommendation.  In a Report and Recommendation dated January 5, 2007, Magistrate Judge Angell recommended that the § 2254 Petition be denied and dismissed without an evidentiary hearing.

Petitioner filed timely Objections to the Report and Recommendation, in which he raises four issues: (1) that petitioner's due process claim regarding his incarceration on the 1999 parole violation is subject to equitable tolling; (2) that petitioner's *ex post facto* claim regarding the

October 27, 2004 denial of reparole is not procedurally defaulted; (3) that petitioner's *ex post facto* claim has merit; and (4) that petitioner's due process claim regarding the denials of reparole on December 27, 2002 and October 27, 2004 has merit.

Respondents also filed timely Objections to the Report and Recommendation, in which they raise two issues: (1) that petitioner's *ex post facto* claim regarding the October 27, 2004 denial of reparole is not only procedurally defaulted but also untimely; and (2) that petitioner's due process claim regarding the denials of reparole should be denied for lack of a protected liberty interest rather than on rational basis grounds.

The Court agrees with those parts of the Report and Recommendation that are not subject to any Objections, and approves and adopts them. Specifically, the Court approves and adopts that part of the Report and Recommendation in which the Magistrate Judge concludes that petitioner's *ex post facto* claim is untimely as to the December 27, 2002 denial of parole. The Court writes to explain its ruling on petitioner's Objections and respondents' Objections, which are both overruled.

## III.    STANDARD OF REVIEW

### A.    Standard of Review for Report and Recommendation of Magistrate Judge

Where a court refers a habeas petition to a magistrate judge, "the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. . . . [T]he court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. §636(b)(1)(c).

**B.**     **Standard of Review in Habeas Cases**

Petitioner's habeas petition is governed by the Antiterrorism and Effective Death Penalty

Act of 1996 ("AEDPA").  The provisions of AEDPA relevant to the instant matter provide as

follows:

> (d) An application for a writ of habeas corpus on behalf of a person
> in custody pursuant to the judgment of a State court shall not be
> granted with respect to any claim that was adjudicated on the merits
> in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an
> unreasonable application of, clearly established Federal law, as
> determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable
> determination of the facts in light of the evidence presented in the
> State court proceeding.

28 U.S.C. §§ 2254(d)(1) and (2).  With respect to 28 U.S.C. § 2254(d)(1), a federal habeas

petitioner is entitled to relief under the "contrary to" clause only if "the state court arrives at a

conclusion opposite to that reached by this Court on a question of law or if the state court decides

a case differently than this Court has on a set of materially indistinguishable facts."  Williams v.

Taylor, 529 U.S. 362, 413 (2000).  Under the "unreasonable application" clause, a federal habeas

court may not issue the writ simply because that court concludes "that the relevant state-court

decision applied clearly established federal law erroneously or incorrectly."  Id. at 411.  Relief is

appropriate only where the state court decision is also objectively unreasonable.  Id.

With respect to 28 U.S.C. § 2254(d)(2), a federal habeas petitioner must demonstrate that

a reasonable fact-finder could not have reached the same conclusions as the state court given the

evidence presented.  If a reasonable basis existed for the factual findings reached in state court,

5

then habeas relief is not warranted.  <u>Campbell v. Vaughn</u>, 209 F.3d 280, 290-91 (3d Cir. 2000),

<u>cert. denied</u>, 531 U.S. 1084 (2001). "[A] determination of a factual issue made by a State court

shall be presumed to be correct.  The applicant shall have the burden of rebutting the

presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1).

## IV.  DISCUSSION: PETITIONER'S OBJECTIONS

### A.  Petitioner's Due Process Claim Regarding His Incarceration on the 1999 Parole Violation is Untimely

In the § 2254 Petition, petitioner asserts that his due process rights were violated by his

incarceration on the 1999 parole violation because the Parole Board failed to supervise him

between 1991 and 1998.  In the Report and Recommendation, the Magistrate Judge concluded

that petitioner's claim was untimely because petitioner was aware of the factual predicate of this

claim on March 17, 2000, when his Petition for Administrative Review was denied.  In his

Objections, petitioner asserts that he is entitled to equitable tolling as to this claim.  The Court

overrules petitioner's objection on this issue.

#### 1.  Legal Standard: Statute of Limitations

With regard to the statute of limitations for § 2254 habeas petitions, AEDPA provides, in

relevant part:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> . . . or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2254(d).

This statute of limitations is subject to equitable tolling in the rare instances where "principles of equity would make the rigid application of a limitation period unfair." Miller v. New Jersey, 145 F.3d 616, 618 (3d Cir. 1998) (internal quotations and brackets omitted). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) (citing Irwin v. Dept. of Veteran Affairs, 498 U.S. 89, 96 (1990)); see also Merritt v. Blaine, 326 F.3d 157, 168 (3d Cir. 2003); Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001).

The Third Circuit has held that a court may permit equitable tolling under three circumstances: "(1) [if] the defendant has actively misled the plaintiff, (2) if the plaintiff has in some extraordinary way been prevented from asserting his rights, or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum." United States v. Midgley, 142 F.3d 174, 179 (3d Cir.1998) (internal quotations omitted); Shelley v. Filino, 2005 WL 465380, *3 (E.D. Pa. Feb. 25, 2005). In this case, only the second circumstance is raised by petitioner's arguments.

With respect to the second circumstance, the Third Circuit has ruled that, in non-capital cases, attorney error does not comprise an "extraordinary" circumstance for the purpose of equitable tolling. Fahy, 240 F.3d at 244. Nor should equitable tolling be applied to "a 'garden variety claim of excusable neglect' by an attorney." Seitzinger v. Reading Hosp. and Med. Ctr., 165 F.3d 236, 241 (3d Cir. 1999) (quoting Irwin, 498 U.S. at 96). Conversely, "attorney malfeasance" may warrant equitable tolling, when combined with reasonable diligence on the part of the petitioner. LaCava v. Kyler, 398 F.3d 271, 276 (3d Cir. 2005). However, the Third

7

Circuit has cautioned that courts should apply equitable tolling to cases of attorney misbehavior only in "narrow circumstances." Schlueter v. Varner, 384 F.3d 69, 76 (3d Cir. 2004) (quoting Seitzinger, 165 F.3d at 239).

>       2.      **Petitioner's Objection: Entitlement to Equitable Tolling**

In his Objections, petitioner asserts that he is entitled to equitable tolling of the due process claim regarding his incarceration on the 1999 parole violation.  In support of this assertion, petitioner submits two letters, both dated April 5, 2000, which petitioner allegedly sent to John Armstrong, Esq. and Marc Neff, Esq.  Objections of Pet. at Ex. C.  In the letter allegedly sent to Mr. Armstrong, petitioner requested that Mr. Armstrong amend petitioner's Petition for Administrative Review of the 1999 parole revocation to include the claim that the Parole Board gave up supervision over petitioner by failing to supervise him between 1991 and 1998.  In the letter allegedly sent to Mr. Neff, petitioner stated that he was "worried" that Mr. Armstrong did not properly raise this claim, and asked Mr. Neff to contact Mr. Armstrong, or to amend the administrative complaint himself.

The Court concludes that the letters dated April 5, 2000 are insufficient to warrant equitable tolling of petitioner's claim.  In the letters, petitioner allegedly asked counsel to raise a claim in his Petition for Administrative Review.  However, Mr. Armstrong had already done what petitioner requested.  Specifically, the previously filed Petition for Administrative Review asserted that the Parole Board "improperly recommitted petitioner as a parole violator after failing to supervise petitioner for many years in violation of petitioner's due process rights." App. to Ans. of the Attorney General at 128.  This claim was denied on March 17, 2000, before petitioner allegedly wrote the April 5, 2000 letters.  Id. at 129.

8

Petitioner had a statutory right to file a direct appeal of the revocation decision in the Commonwealth Court.  See 42 Pa.C.S. § 763 (jurisdiction of Commonwealth Court over appeals from final orders of government agencies); Borsello v. Colleran, 833 A.2d 1213, 1215 (Pa. Cmwlth. 2003) ("Appeals of the Board's parole revocation and recommitment orders are within the exclusive appellate jurisdiction of the Commonwealth Court.").  Yet petitioner presents no evidence that he asked counsel to pursue this claim on direct appeal.  To the contrary, petitioner did not raise this claim again until he filed the first mandamus action, almost three years later.

It is petitioner's burden to establish that "he has been pursuing his rights diligently" or that "some extraordinary circumstance stood in his way."  Pace, 544 U.S. at 418.  Petitioner fails even to allege facts that would qualify for equitable tolling under this standard.  Accordingly, the Court overrules petitioner's objection to the conclusion of the Magistrate Judge on this issue. The habeas petition is dismissed with respect to petitioner's first claim–that petitioner's incarceration on a 1999 parole violation violates due process because the Parole Board failed to supervise him between 1991 and 1998 .

**B.      Petitioner's Ex Post Facto Claim Regarding the October 27, 2004 Denial of Reparole Is Procedurally Defaulted**

In the § 2254 Petition, petitioner asserts that his rights under the Ex Post Facto Clause were violated by the denial of reparole on October 27, 2004.  In the Report and Recommendation, the Magistrate Judge concluded that petitioner's claim was procedurally defaulted because petitioner did not appeal his *ex post facto* claim to the Pennsylvania Supreme Court, and because further state court review is foreclosed under state law.  In his Objections, petitioner asserts that the *ex post facto* claim is not procedurally defaulted because petitioner

9

raised this claim in the Commonwealth Court, and that court held that petitioner had no right to appeal.  For the reasons that follow, petitioner's objection is overruled.

### 1.    Legal Standard: Exhaustion and Procedural Default

Under AEDPA, a federal writ of habeas corpus may not be granted to a person incarcerated pursuant to a state court judgment unless he or she has first exhausted the remedies available in state court.  See 28 U.S.C. § 2254(b)(1)(A).[2]  To satisfy this exhaustion requirement, a habeas petitioner must "fairly present" his federal claims in state court.  Picard v. Connor, 404 U.S. 270, 275 (1971).  Specifically, "a petitioner must present a federal claim's factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted."  McCandless v. Vaughn, 172 F.3d 255, 261 (3d Cir. 1999).  Furthermore, a habeas petitioner must attempt to appeal the claim all the way to the highest court of the state.  Id. at 265 n.6;  Hollawell v. Gillis, 65 Fed. App'x 809, 813 (3d Cir. 2003).  "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."  28 U.S.C. § 2254(c).

The Third Circuit has clarified that "likely futility on the merits . . . in state court of a petitioner's habeas claim does not render that claim 'exhausted' within the meaning of § 2254(b)(1)(A)."  Parker v. Kelchner, 429 F.3d 58, 64 (3d Cir. 2005).  Accordingly, a federal habeas court may not excuse a petitioner's failure to exhaust an *ex post facto* claim on the ground

---

[2]  As amended by AEDPA, 28 U.S.C. § 2254 provides, in relevant part: "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State. . . ."  28 U.S.C. § 2254(b)(1)(A).

that raising the claim in state court would likely have been futile.  Id.; see also Thomas v. Pennsylvania Board of Probation and Parole, 2006 WL 2789841, *1 (3d Cir. Sept. 29, 2006); Simmons v. Pennsylvania Board of Probation and Parole, 192 Fed. App'x 181, 182 (3d Cir. 2006); Bornheimer v. Pennsylvania Board of Probation and Parole, 183 Fed. App'x 216, 218 (3d Cir. 2006).

Pursuant to 28 U.S.C. § 2254(b)(1)(B), a federal habeas court may excuse a petitioner's failure to exhaust federal claims where "there is an absence of available State corrective process."  Where "state procedural rules bar the applicant from seeking further relief in state courts, the exhaustion requirement is satisfied" under § 2254(b).  McCandless, 172 F.3d at 260. "In such cases, however, applicants are considered to have procedurally defaulted their claims." Id.

A federal habeas court "may not consider the merits" of a procedurally defaulted claim unless the petitioner establishes "cause and prejudice" or a "fundamental miscarriage of justice" to excuse the procedural default.  Id.  "To show cause and prejudice, 'a petitioner must demonstrate some objective factor external to the defense that prevented compliance with the state's procedural requirements." Cristin v. Brennan, 281 F.3d 404, 412 (3d Cir. 2002) (quoting Coleman v. Thompson, 501 U.S. at 753).  "To show a fundamental miscarriage of justice, a petitioner must demonstrate that he is actually innocent of the crime. . ." Keller v. Larkins, 251 F.3d 408, 415-16 (3d Cir. 2001), cert. denied, 534 U.S. 973 (2001).

## 2.    Petitioner's Objection: Procedural Default of Ex Post Facto Claim

In his Objections, petitioner asserts that "the Doctrine of Exhaustion" should not apply to his *ex post facto* claim because petitioner raised this claim in the second mandamus action, and

the Commonwealth Court "specifically stated that he did not have any right to take an appeal."

Pet. Objections ¶ 6.  In support of this allegation, petitioner quotes the January 19, 2005 Order of

the Commonwealth Court, which stated that "[a] Petitioner has no right to parole and that denial

of parole is not subject to review by courts."  Id.  Petitioner clarifies his objection by stating that

"[t]his case is not a futility case.  This is a case where the Commonwealth Court, in its Order,

said that there was no right to an appeal."  Id.[3]

Upon review of the record, the Court concludes that the January 19, 2005 Order of the

Commonwealth Court did not "specifically state[]" that petitioner had no right to file an appeal.

Pet. Objections ¶ 6.  The Order cited by petitioner provides in full:

> Now, January 19, 2005, upon consideration of respondent's preliminary objection in the nature of a demurrer and petitioner's response, the demurrer is sustained, and the petition for review is dismissed.
>
> Petitioner is not entitled to be considered for parole under the standards in effect prior to the 1996 amendment to the Parole Act.  Hall v. Pennsylvania Board of Probation and Parole, 851 A.2d 859 (Pa. 2004); Finnegan v. Pennsylvania Board of Probation and Parole, 576 Pa. 59, 838 A.2d 684 (2003); Winklespecht v. Pennsylvania Board of Probation and Parole, 571 Pa. 685, 813 A.2d 688 (2002); Reynolds v. Pennsylvania Board of Probation and Parole, 809 A.2d 426 (Pa. Cmwlth. 2002).  See also Byrd v. Pennsylvania Board of Probation and Parole, 826 A.2d 65 (Pa. Cmwlth. 2003); Evans v. Pennsylvania Board of Probation and Parole, 820 A.2d 904 (Pa. Cmwlth. 2003).
>
> A prisoner has no right to parole and that the [sic] denial of parole is not subject to review by courts.  Rogers v. Pennsylvania Board of Probation and Parole, 555 Pa. 285, 724 A.2d 319 (1999); Weaver v. Pennsylvania Board of Probation and Parole, 688 A.2d 766 (Pa. Cmwlth. 1997); Reider v. Pennsylvania Board of Probation and Parole, 514 A.2d 967 (Pa. Cmwlth. 1986).  "Mandamus cannot be used to say that an agency considered improper factors, that its findings of fact were wrong, or that

---

[3]  To the extent that petitioner invokes the futility doctrine as an excuse for his failure to exhaust this *ex post facto* claim, petitioner's argument is squarely foreclosed by Parker.  See Parker, 429 F.3d at 64; see also Thomas, 2006 WL 2789841 at *1 (Parker dispositive); Simmons, 192 Fed. App'x at 182 (same); Bornheimer, 183 Fed. App'x at 218 (same).

the reasons set forth in its decision are a pretense." Weaver, 688 A.2d at 777.

Section 2254 Pet. Ex. C.   Contrary to petitioner's assertion, this Order does not state at any point

that petitioner had no right to file an appeal.  Contra Cimaszewski v. Board of Probation and

Parole, 868 A.2d 416, 421 (Pa. 2005) (Commonwealth Court erred in stating explicitly that

"'denial of parole is not appealable'").

The Court further concludes that the passage quoted in petitioner's Objections is

responsive not to petitioner's *ex post facto* claim, but to petitioner's due process claim, which

was also the subject of the second mandamus petition.  This conclusion is based on two

characteristics of the January 19, 2005 Order.  First, that part of the Order that states "denial of

parole is not subject to review by courts" cites cases challenging the denial of parole on

constitutional, but not *ex post facto* grounds.  See, e.g., Rogers, 724 A.2d at 322, 323 n.5 (due

process challenge to denial of parole).  Thus, the cited authority has no bearing on an *ex post*

*facto* claim, which is treated uniquely under Pennsylvania law.  See DeFoy v. McCullough, 393

F.3d 439, 445 (3d Cir. 2005) (mandamus available for *ex post facto* but not for other

constitutional challenges to the denial of parole).  Second, in the January 19, 2005 Order, the

Commonwealth Court denied petitioner's *ex post facto* claim on the merits.  Specifically, the

court held that petitioner was "not entitled to be considered for parole" under the pre-1996

standards.  Id.[4]

---

[4] Pennsylvania case law fully supports the determination that the Commonwealth Court ruled on the merits of petitioner's *ex post facto* claim.  In Coady v. Vaughn, 770 A.2d 287, 290 (Pa. 2001), the Pennsylvania Supreme Court held that a petitioner may challenge the denial of parole on *ex post facto* grounds by bringing an action for mandamus in state court.  The Pennsylvania Supreme Court reaffirmed this holding in Cimaszewski v. Board of Probation and Parole, 868 A.2d 416, 422 (Pa. 2005), in which the court held that "the Commonwealth Court should have reviewed the merits of the *ex post facto* claim raised" in a mandamus petition.

13

This Court rejects petitioner's argument with respect to the procedural default of his *ex post facto* claim.  No part of the January 19, 2005 Order excuses petitioner's failure to exhaust this claim in the Pennsylvania Supreme Court.  Thus, petitioner's objection to the conclusion of the Magistrate Judge on this issue is overruled, and the habeas petition is dismissed with respect to this claim.

**C.     Petitioner's Ex Post Facto Claim Regarding the October 27, 2004 Denial of Reparole Lacks Merit**

In the Report and Recommendation, the Magistrate Judge concluded that "[a]ssuming *arguendo* that the *ex post facto* challenge were properly before this Court, Petitioner has not met his burden of establishing a constitutional violation."  Report and Recommendation at 15.  In his Objections, petitioner "objects strenuously to this decision on the merits."  Petitioner asserts that the reasons given for the October 27, 2004 denial of reparole are "vague," "not accurate," and "false."  Pet. Objections ¶ 7.  For the reasons that follow, the Court overrules petitioner's objection to the Magistrate Judge's conclusion on this issue.

**1.     Legal Standard: The Ex Post Facto Clause**

"To be eligible for habeas corpus based on a violation of the Ex Post Facto Clause, a petitioner must show *both* a retroactive change in law or policy *and* that this change caused individual disadvantage by creating 'a significant risk of increasing his punishment.' " Richardson v. Pennsylvania Board of Probation and Parole, 423 F.3d 282, 284 (3d Cir. 2005) (emphasis in original); see also Mickens-Thomas v. Vaughn, 321 F.3d 374, 384 (3d Cir. 2003). As to the second prong of the *ex post facto* inquiry, petitioner must establish that the 1996

amendments negatively affected his parole determination.  Id. at 291-92.[5]

An evidentiary hearing on an *ex post facto* claim is not warranted unless petitioner "first plead[s] that he can provide the requisite evidence that he faces a significant risk of an increase in punishment by application of the 1996 amendment . . . Without first pleading that such evidence exists, there is no basis for providing a prisoner with the opportunity for an evidentiary proceeding. . ." Cimaszewski, 868 A.2d at 427.  See also Richardson, 423 F.3d at 293 (evidentiary hearing not warranted where petitioner "provided no evidence, and for that matter, has proffered no allegations, that a 'significant risk' of increased punishment was created by the application of the 1996 Amendments").

## 2.   Petitioner's Objection: Merits of Ex Post Facto Claim

In his Objections, petitioner asserts that the reasons given for the October 27, 2004 denial of reparole are "false" in three regards: (1) petitioner had a prison recommendation to be released; (2) petitioner had completed all of his programs; and (3) petitioner expressed remorse in a statement given to the Parole Board.[6]  In support of these allegations, petitioner submits certifications that he has completed courses in "stress and anger management," "relapse prevention," "early sobriety," a "12 step facilitation group," "addiction I.D.," and "group

---

[5]  The 1996 amendment, 61 Pa.C.S. § 331.1, provides, in relevant part, that
In providing these benefits to the criminal justice system, the [parole] board shall first and foremost seek to protect the safety of the public. In addition to this goal, the board shall address input by crime victims and assist in the fair administration of justice by ensuring the custody, control and treatment of paroled offenders.

[6]  Petitioner also asserted that he was not a sex-offender.  Pet. Objections ¶ 7.  However, petitioner later retracted this assertion in the Amendment to the Objections of the Petitioner.  In fact, petitioner was convicted of, *inter alia*, rape.  Wareham, 380 A.2d at 413.

counseling." Pet. Objections Ex. D.[7]

In ruling on this objection the Court considers petitioner's participation in the aforementioned programs. However, neither petitioner's proffered evidence nor his allegations suggests that he faced a significant risk of an increase in punishment because of the 1996 amendments. "[W]hile the petition alleges that the Board considered false information . . . it is apparent from the petition that [petitioner] simply has a different opinion with respect to the factors cited by the Board and believes it gave inadequate weight to information about his institutional experience tending to support his opinion." Coady v. Vaughn, 251 F.3d 480, 487 (3d Cir. 2001). Thus, petitioner's objection regarding the merits of his *ex post facto* claim is overruled, and the Report and Recommendation is adopted as to this issue.

**D.      Petitioner's Due Process Claim Regarding the December 27, 2002 and October 27, 2004 Denials of Reparole Lacks Merit**

In the § 2254 Petition, petitioner asserts that the grounds for denial of reparole on December 27, 2002 and October 27, 2004 were so "arbitrary and capricious" as to violate the Due Process Clause. In the Report and Recommendation, the Magistrate Judge concluded that petitioner's due process claim lacked merit because the Parole Board had a rational basis to deny parole on both occasions. In his Objections, petitioner objects to the Report and Recommendation on the ground that the reasons stated by the Parole Board were "false" and "conscience shocking." For the reasons stated below, the Court overrules this objection.

---

[7]   Petitioner also submitted a record demonstrating that he completed a sex offender maintenance program on March 2, 2006. However, because petitioner completed this program after the October 27, 2004 denial of reparole, it is not relevant to petitioner's *ex post facto* claim.

1.      **Legal Standard: Substantive Due Process**

In <u>Block v. Potter</u>, 631 F.2d 233, 236 (3d Cir. 1980), the Third Circuit held that the Due

Process Clause protects state inmates from arbitrary denials of parole based on impermissible

criteria such as race or the exercise of political beliefs.  "The relevant level of arbitrariness

required in order to find a substantive due process violation involves not merely action that is

unreasonable, but, rather, something more egregious, which we have termed at times 'conscience

shocking' or 'deliberately indifferent.' "  <u>Hunterson v. DiSabato</u>, 308 F.3d 236, 246-47 (3d Cir.

2002).  However, a habeas court may not "second-guess" the Parole Board, and "the

requirements of substantive due process are met if there is some basis for the challenged

decision."  <u>Coady</u>, 251 F.3d at 487.  Federal habeas courts "are exceedingly reluctant to usurp the

Board's functions and, except in our review capacity, substitute our own judgment for that of the

parole Board."  <u>Mickens-Thomas</u>, 321 F.3d at 393.

2.      **Petitioner's Objection: Merits of Due Process Claim**

In his Objections, petitioner repeats arguments made in support of his *ex post facto* claim.

Specifically, petitioner asserts that the reasons given for the October 27, 2004 denial of reparole

are "false" and "conscience shocking" because petitioner expressed remorse, accepted

responsibility, and completed required programs.  Pet. Objections ¶ 8.

The substance of petitioner's objection was addressed in detail in the Report and

Recommendation.  The Magistrate Judge referred to the October 27, 2004 decision of the Parole

Board, which stated the following grounds for the denial of reparole: "Your version of the nature

and circumstances of the offense(s) committed. Your refusal to accept responsibility for the

offense(s) committed.  Your lack of remorse for the offense(s) committed.  Reports, evaluations

17

and assessments concerning your physical, mental and behavior condition and history.  Your interview with the hearing examiner and/or Board member."  App. to Ans. of the Attorney General at 136-37.  In addition, the October 27, 2004 decision of the Parole Board stated that "defendant does not demonstrate a benefit to sex offender program."  Id.

This Court rejects petitioner's argument that this decision of the Parole Board was "conscience shocking."  The Parole Board denied petitioner's parole application for specific reasons well within the board's discretion.  This Court will not "second-guess" the Parole Board where, as here, there is a rational basis for the challenged decision.  Coady, 251 F.3d at 487.  Thus, petitioner's objection is overruled, and the § 2254 Petition is denied as to this issue.[8]

## V.   DISCUSSION: RESPONDENTS' OBJECTIONS

### A.   The Magistrate Judge Properly Dismissed Petitioner's Ex Post Facto Claim as Procedurally Defaulted Rather Than on Timeliness Grounds

In the Report and Recommendation, the Magistrate Judge concluded that petitioner's *ex post facto* claim was timely as to the October 27, 2004 denial of reparole.  The Magistrate Judge observed that petitioner raised this claim in the second mandamus action on November 29, 2004, and within nine months of the dismissal of that action, raised the claim in the instant § 2254 Petition.  However, the Magistrate Judge concluded that petitioner's *ex post facto* claim was procedurally barred and lacked merit, conclusions which this Court approves and adopts.

In their Objections to the Report and Recommendation, respondents assert that the

---

[8]  In his Objections, petitioner does not refer specifically to the December 27, 2002 denial of reparole.  To the extent that petitioner asserts a due process claim regarding this decision of the Parole Board, the Court overrules the objection because there is a rational basis for the challenged action.  See App. to Ans. of the Attorney General at 132-33 (denying parole on the basis of "history of supervision failure . . . institutional behavior, including reported misconducts or CCC failure . . . [and] interview with the hearing examiner and/or board member").

Magistrate Judge erred in dismissing petitioner's *ex post facto* claim as procedurally defaulted, rather than as untimely.  Specifically, respondents assert that petitioner's claim is untimely because petitioner was previously denied reparole and the limitations period began to run upon the earliest denial.  Resp. Objections at 2 (citing Benchoff v. Colleran, 404 F.3d 812, 817-18 (3d Cir. 2005)).

In Benchoff v. Colleran, the Third Circuit considered whether a claim that the Parole Board failed to give a meaningful statement of reasons for the denial of parole was a "second or successive" habeas petition under 28 U.S.C. § 2244(b).  404 F.3d at 818.  The "primary question" in Benchoff was whether the petitioner "could have raised this challenge to Pennsylvania's parole procedures in his first habeas petition."  Id. at 817.  The Third Circuit concluded that the petitioner could have previously raised the claim because he had received two out of three "identically phrased denials of parole" before the filing of the first habeas petition. Id. at 818.  In short, petitioner " 'knew all of the facts necessary to raise his [parole] claim before he filed his initial federal petition.' "  Id. (citation omitted).  Thus, the Benchoff court determined that the petition was a "second or successive" habeas petition, over which the district court lacked jurisdiction.

This Court concludes that the instant case is distinguishable from Benchoff on two grounds.  First, the question before this Court is whether petitioner's *ex post facto* claim is timely under 28 U.S.C. § 2254(d).  There is no allegation that the instant petition is a second or successive habeas petition under § 2244.  Second, unlike Benchoff, the denial of reparole at issue is not "identical" to any previous denials of reparole.  Rather, in the October 27, 2004 denial of reparole, the Parole Board stated four grounds for its decision that were not included in any

19

previous denials of reparole: "Your version of the nature and circumstances of the offense(s) committed. Your refusal to accept responsibility for the offense(s) committed. Your lack of remorse for the offense(s) committed," and the fact that petitioner "does not demonstrate a benefit to sex offender program." App. to Ans. of the Attorney General at 130-138. Thus, the Court concludes that <u>Benchoff</u>, the sole authority cited in respondents' objection, is inapposite. Respondents' objection on this issue is overruled, and the Report and Recommendation is approved and adopted as to this claim.

**B.     The Magistrate Judge Properly Dismissed Petitioner's Due Process Claim Regarding the December 27, 2002 and October 27, 2004 Denials of Reparole on Rational Basis Grounds**

In the Report and Recommendation, the Magistrate Judge concluded that the Parole Board had a rational basis for the December 27, 2002 and October 27, 2004 denials of reparole, a conclusion which this Court approves and adopts. In their Objections to the Report and Recommendation, respondents assert that the Magistrate Judge should have dismissed petitioner's claim on the ground that petitioner does not have a protected liberty interest in parole, rather than on rational basis grounds.

The Court overrules respondents' objection for two reasons. First, respondents misstate the applicable law. Although a state may deny parole completely, under the Due Process Clause "a state statute may not sanction totally arbitrary parole decisions founded on impermissible criteria." <u>Burkett v. Love</u>, 89 F.3d 135, 139-40 (3d Cir. 1996) (quoting <u>Block</u>, 631 F.2d at 236); <u>see also</u> <u>Watkins</u>, 2006 WL 2950478 at *3 ("A parole denial can, however, give rise to a substantive due process deprivation if it is based on constitutionally impermissible reasons.") Second, courts in this circuit have repeatedly denied substantive due process challenges in the

manner adopted by the Magistrate Judge.  See, e.g., Beckley v. Miner, 125 Fed. App'x 385, 389

(3d Cir. 2005) (rational basis for challenged action of Bureau of Prisons); Coady, 251 F.3d at 487

(rational basis for denial of parole); Watkins v. Shannon, 2006 WL 2950478, *4 (M.D. Pa. Oct.

16, 2006) (same); Gauche v. Lavan, 2005 WL 1324859, *12 (M.D. Pa. June 3, 2005) (same).

Thus, this Court overrules respondents' objection on this issue, and approves and adopts

the Report and Recommendation as to this claim.

## VI.  CONCLUSION

For the foregoing reasons, the Objections of the Petitioner, Joseph Wareham, to the Report

and Recommendation of the Honorable M. Faith Angell are overruled, the Respondents'

Objections to Magistrate Judge's Report are overruled, and the Report and Recommendation of

United States Magistrate Judge M. Faith Angell is approved and adopted.  The Petition for Writ of

Habeas Corpus is dismissed with prejudice in part and denied in part without an evidentiary

hearing.  A certificate of appealability will not issue on the ground that petitioner has not made a

substantial showing of a denial of a constitutional right as required under 28 U.S.C. §2253(c)(2).

An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JOSEPH WAREHAM** : | |
|     **Petitioner** : | |
| : | |
| **v.** : | |
| : | **CIVIL ACTION** |
| **PAUL J. STOWITZKY, Warden of SCI-** : | **NO. 05-5023** |
| **Mercer; BRUCE CASTOR, The District** : | |
| **Attorney of the County of Montgomery;** : | |
| **THOMAS CORBETT, The Attorney** : | |
| **General of the State of Pennsylvania; and** : | |
| **PENNSYLVANIA BOARD OF** : | |
| **PROBATION AND PAROLE** : | |
|     **Respondents.** : | |
| : | |

## O R D E R

    **AND NOW** this 26th day of February, 2007, upon careful and independent consideration

of the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 (Doc. No. 1, filed September

20, 2005), and the Answer of the Attorney General with Memorandum of Law (Doc. No. 6, filed

December 23, 2005), and after review of the Report and Recommendation of United States

Magistrate Judge M. Faith Angell (Doc. No. 8, filed January 8, 2007), the Objections of the

Petitioner, Joseph Wareham, to the Report and Recommendation of the Honorable M. Faith

Angell Pursuant to Local Rule of Civil Procedure of the United States District Court for the

Eastern District of Pennsylvania 72-1(iv)(b) [sic] (Doc. No. 9, filed January 16, 2007),

Respondents' Objections to Magistrate Judge's Report (Doc. No. 10, filed January 18, 2007), the

Amendment to the Objections of the Petitioner, Joseph Wareham (Doc. No. 11, filed January 19,

2007), and Respondents' Response in Opposition to Petitioner's Objections to Magistrate Judge's

Report (Doc. No. 12, filed January 26, 2007), **IT IS ORDERED** as follows:

1.  The Report and Recommendation of United States Magistrate Judge M. Faith Angell dated January 5, 2007, is **APPROVED** and **ADOPTED**;

2.  The Objections of the Petitioner, Joseph Wareham, to the Report and Recommendation of the Honorable M. Faith Angell Pursuant to Local Rule of Civil Procedure of the United States District Court for the Eastern District of Pennsylvania 72-1(iv)(b) [sic] are **OVERRULED**;

3.  Respondents' Objections to Magistrate Judge's Report are **OVERRULED**;

4.  Petitioner's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 is **DISMISSED WITH PREJUDICE IN PART** and **DENIED IN PART**; and,

5.  A certificate of appealability will not issue on the ground that petitioner has not made a substantial showing of a denial of a constitutional right as required under 28 U.S.C. § 2253(c)(2).

                              **BY THE COURT:**


                              **/s/ Honorable Jan E. DuBois**
                                      **JAN E. DUBOIS, J.**

23